IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID SCHNEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:15-cv-09524 |
| | ) | |
| v. | ) | |
| | ) | |
| SOUTHWEST CREDIT SYSTEMS, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, DAVID SCHNEIDER, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, SOUTHWEST CREDIT SYSTEMS, LP, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. DAVID SCHNEIDER (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5. Upon information and belief, the debt that Defendant was attempting to collect from Plaintiff was a debt incurred primarily for personal use and/or for household expenditure.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. SOUTHWEST CREDIT SYSTEMS, LP, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois  Defendant's principal place of business is located in the State of Texas.   Defendant is registered as a Limited Partnership in the State of Texas.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. <u>ALLEGATIONS</u>

13. Defendant is attempting to collect the Debt from an individual named Brendon Johnson.

14. Plaintiff is not Brendon Johnson.

15. Plaintiff did not incur the Debt.

16. Plaintiff does not owe the Debt.

17. Prior to July 25, 2015, Defendant has initiated multiple telephone calls to Plaintiff in an attempt to collect the Debt.

18. On July 25 2015, Plaintiff initiated a telephone call to Defendant and spoke with one of Defendant's duly authorized representatives.

19. During the course of the telephone call between Plaintiff and Defendant, on July 25, 2015, Plaintiff informed Defendant that he was not Brendon Johnson

20. During the course of the telephone call between Plaintiff and Defendant, on July 25, 2015, Plaintiff informed Defendant that he did not owe the Debt on which Defendant was attempting to collect.

21. During the course of the telephone call between Plaintiff and Defendant, on July 25, 2015, Plaintiff informed Defendant that he was on the national "Do Not Call List".

22. During the course of the telephone call between Plaintiff and Defendant, on July 25, 2015, Plaintiff asked Defendant to stop calling him.

23. Notwithstanding the facts as delineated above, and notwithstanding the fact that Plaintiff specifically informed Defendant that he was not the debtor and requested that the telephone calls from Defendant cease, Defendant has continued to initiate multiple telephone calls to Plaintiff.

24. Notwithstanding Plaintiff's specific request that Defendant stop contacting him, Defendant has continued to initiate multiple telephone calls to Plaintiff in an attempt to collect the Debt on the following dates:

    a. August 9, 2015

    b. August 12, 2015

    c. August 14, 2015

    d. August 16, 2015

    e. August 19, 2015

    f. August 23, 2015

    g. August 25, 2015

    h. September 1, , 2015

    i. September 3, 2015

    j. September 15, 2015

    k. September 17, 2015

    l. September 22, 2015

    m. September 24, 2015

    n. September 25, 2015

    o. September 27, 2015

    p. September 29, 2015

    q. October 1, 2015

25. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

26. Defendant had been unequivocally informed that it could not reach the debtor by contacting Plaintiff and that Plaintiff was not the debtor yet continued with persistent calls to Plaintiff.

27. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

 a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

 b. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

 c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

28. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

29. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAVID SCHNEIDER, by and through his/her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

 a. All actual compensatory damages suffered;

 b. Statutory damages of $1,000.00;

 c. Plaintiff's attorneys' fees and costs;

 d. Any other relief deemed appropriate by this Honorable Court.

                                                Respectfully submitted,
                                                **DAVID SCHNEIDER**

                                    By:    s/ David M. Marco
                                                Attorney for Plaintiff

Dated: October 26, 2015

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithmarco.com